In Re: Petition of City of Pittsburgh. Frank A. Dabecco, Appellant.

Argued November 3, 1977, before Judges Crum-LISH, Jr. and Blatt, sitting as a panel of two.

*Thomas J. Cox, Jr.,* with him *Daniel Krause,* for appellant.

*Rodney W. Fink,* for appellee.

Opinion by Judge Crumlish, Jr., April 17, 1978:

Appellant, Frank A. Dabecco, appeals a decision of the Court of Common Pleas dismissing his petition to show cause why a tax sale to Objectors, Anthony Pivisotto and Robert Woods, should not be set aside.

The following factual presentation serves as the genesis of this controversy.

Pursuant to Section 1 of the Act of July 5, 1947 (Act), P.L. 1258, *as amended,* 53 P.S. §26101,[1] certain

---

[1] Section 1 of the Act states in pertinent part:

In addition to the remedies now provided by law for the collection of delinquent city taxes, . . . the city treasurers of cities of the second class of this Commonwealth are hereby authorized and empowered to sell at public sale . . . property upon which the taxes, assessed and levied, . . . have not been paid and have become delinquent.

tax delinquent properties located in the City of Pittsburgh (City) were offered for sale to the public by the City. Appellant submitted a bid of $5,000.00 for these properties and, in accordance with Section 12(b) of the Act, 53 P.S. §26112(b), the City petitioned for the validation of Appellant's tax title and approval of the sale.[2] Objectors entered an objection to the City's petition alleging that Appellant's bid price was inadequate. A hearing on the City's petition, therefore, was held pursuant to Section 14 of the Act, 53 P.S. §26114,[3] at which Objectors submitted a bid of $5,500.00. Appellant, appearing as a bidder, refused

---

[2] Section 12(b) of the Act states in relevant part:

[A] rule shall be granted upon the persons named in [the City's petition for validation of tax title and approval of sale of real estate], and generally upon all other persons not named in the petition, who have or claim to have or may appear to have any mortgage, ground rent, right, title, interest in or claim against said land, to appear within thirty days from service of the rule upon them, and show cause why the title of the petitioner . . . to said land should not be adjudicated and decreed valid and indefeasible as against all mortgagees, assignees or other persons having any right, title, interest in or claim against said lands whatsoever, and to further show cause why the sale of the said land by the city . . . should not be made free and clear of their respective mortgages, ground rents, interests or claims whatsoever.

[3] Section 14 of the Act states in relevant part:

If any person shall appear and make . . . objection to [the City's petition for validation of tax title and approval of sale of real estate] . . ., and said . . . objection shall contest the adequacy of the price for which the city has agreed to sell said land, the court shall fix a time, within thirty days from the aforesaid return day, for all persons to appear before said court and make offers for said land, and the said court may approve such offer, as in its discretion appears to be in the interest of all taxing authorities having claims against the land.

to increase his bid[4] claiming that, although he was a low bidder, he was a more qualified developer than Objectors and, therefore, the interest of the City would be better served by approving his bid. After taking evidence on the qualifications of each bidder, the court below concluded that sale of the properties to Objectors as high bidder would be in the best interest of the City. The City's petition for validation and approval, therefore, was denied and sale of the properties to Objectors for $5,500.00 was approved.

The City thereafter filed a petition for rule to show cause why the sale to Objectors should not be set aside alleging that the information received at the hearing on their petition for validation and approval regarding Objectors' ability to develop the subject properties was inaccurate and incomplete. The petition was granted and the matter retried. The City moved to make the rule to show cause absolute. Finding no basis for the City's allegations, the court below denied the motion and concluded that no abuse of discretion or error of law was committed.

The City pursued no further appeals. Appellant, however, petitioned the court below to set aside the sale to Objectors alleging that Objectors failed to pay the full purchase price of the properties; that Objectors failed to develop or arrange for the development of the properties; and that Objectors posted the properties for sale at public auction, thereby demonstrating no intention to develop the properties. The court below refused to disturb the sale to Objectors, finding that all conditions of the sale had been satisfied.

Appellant comes to us contending that he is a more qualified developer than Objectors and that the lower court abused its discretion in sustaining approval of

---

[4] Appellant testified that he feared that competitive bidding would increase the price of the properties and eliminate him as a bidder.

the properties to Objectors. We fail to find an adequate basis for Appellant's standing to raise these issues.

Our Supreme Court, in *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), held that standing requires an aggrieved party showing a substantial, direct and immediate interest in the subject matter of the litigation. The requirement of a "substantial interest" simply means that there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law. The requirement of a "direct interest" means that the person claiming to be aggrieved must show causation of harm to his interest by the matter of which he complains. The nature of the connection between the action complained of and the injury to the person challenging it is the concern of the immediate interest element. 464 Pa. at 195, 346 A.2d at 282.

Appellant fails to demonstrate how he is aggrieved under these standards. He is merely a disappointed bidder and has no standing to raise the objections herein enumerated.[5]

Accordingly, we

ORDER

AND Now, this 17th day of April, 1978, the order of the Court of Common Pleas of Allegheny County is affirmed.

---

[5] At no time during the proceedings below did Appellant attempt to intervene. His only status during those proceedings was that of a bidder.